**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**GERKERIA SCOTT,**

**Plaintiff,**

**v.** **Case No.: 8:24-cv-01411-MSS-CPT**

**UNITED STATES OF AMERICA,**

**Defendant.**

---

# ORDER

**THIS CAUSE** comes before the Court for consideration of the Motion for Summary Judgment of Defendant United States of America (the "Motion"), (Dkt. 23), Plaintiff Gerkeria Scott's response in opposition thereto, (Dkt. 26), and the Government's reply. (Dkt. 28) Upon consideration of the relevant filings, case law, and being otherwise fully advised, the Court **GRANTS** Defendant's Motion for Summary Judgment.

## I. BACKGROUND

On October 2, 2022, a car then driven by Plaintiff and a car then driven and occupied by Government employees collided. (Dkt. 23 at 2) On June 11, 2024, Plaintiff initiated this action against the Government. (Dkt. 2) Plaintiff alleges that the Government is liable for negligence as against Plaintiff under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b). (See generally id.) Plaintiff alleges that as a result of negligence of the Government employee driving the vehicle she collided with,

Plaintiff "was injured in and about her body and extremities, and suffered physical, mental and emotional pain and suffering; mental anguish; loss of capacity for the enjoyment of life; scarring and disfigurement; lost wages in the past and the diminished capacity to earn monies in the future; has incurred medical expenses in the treatment of her injuries, as well as the expense of hospitalizations, and will incur medical expenses in the future." (Id. at 2)

On March 10, 2025, the Court entered a Case Management and Scheduling Order ("CMSO"). (Dkt. 15) The CMSO imposed deadlines for the Parties' expert disclosures – August 4, 2025, for Plaintiff and September 8, 2025, for Defendant. (Id. at 1) Plaintiff's rebuttal disclosures were due on October 6, 2025. (Id.) The CMSO also set a discovery deadline of November 3, 2025. (Id.) The CMSO states that:

> Expert testimony on direct examination at trial will be limited to the opinions, bases, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this Order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness.

(Id. at 4)

Plaintiff did not disclose experts to Defendant on or before August 4, 2025, and the Court granted Plaintiff's belated yet unopposed motion, (Dkt. 17), to extend expert Plaintiff's expert disclosure deadline to August 13, 2025, and Defendant's expert disclosure deadline to September 17, 2025. (Dkt. 18) On September 16, 2025, Plaintiff filed a Motion for Renewed Extension to File Expert Witness Report. (Dkt. 20) That same day, Plaintiff disclosed to Defendant an expert report for a previously disclosed

accident reconstructionist expert, Mr. Barry Peak.[1] (Id. at 1-2; Dkt. 23 at 8) On September 21, 2025, the Court granted the motion, extending Plaintiff's expert deadline. (Dkt. 22) Discovery closed on November 3, 2025. (Dkt. 15 at 1)

On December 1, 2025, Defendant filed its Motion. (Dkt. 23) Therein, Defendant contends that it is entitled to summary judgment because Plaintiff has no medical experts necessary to prove causation of an injury.[2] (Id. at 15-22) Defendant asserts that,

> [p]utting aside fault of the accident, Plaintiff's case fails because she has no experts to prove causation. All of Plaintiff's injuries are not readily observable. So she needs medical expert testimony to prove up causation. She has no medical experts. Thus this Court should follow established Eleventh Circuit law in granting summary judgment for Defendant. Just as this Court did almost a year ago when this very same issue and posture was before it in *Oszczypala v. United States*, 348 F.R.D. 719, 722 (M.D. Fla. 2024) (Scriven, J.).

(Dkt. 23 at 23) On January 9, 2026, Plaintiff filed a response in opposition. (Dkt. 26) Therein, Plaintiff states that her arm fracture was readily observable and that she provided various papers relating to her medical treatment to Defendant. (Id. at 1-2) On January 27, 2026, Defendant filed its reply. (Dkt. 28) The Motion is ripe for review.

---

[1] Plaintiff's Expert Witness Disclosure states that "Mr. Peak is expected to provide testimony regarding reconstruction of the incident and the defendant's employee's negligence in contributing to it." (Dkt. 23-8 at 2) He is not qualified as a medical causation expert.

[2] Defendant also contends that it is entitled to summary judgment because Plaintiff, not Defendant's employee, caused the collision because of Plaintiff's own negligence in not stopping to yield the right of way, and Mr. Peak's expert testimony would not present a genuine dispute on this issue. (Id. at 12-15) The Court does not resolve this contention because Defendant's other claim to summary judgment is independently dispositive.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when the movant can show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fennell v. Gilstrap, 559 F.3d 1212, 1216 (11th Cir. 2009) (citing Welding Servs., Inc. v. Forman, 509 F.3d 1351, 1356 (11th Cir. 2007)). Which facts are material depends on the substantive law applicable to the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).

Evidence is reviewed in the light most favorable to the non-moving party. Fennell, 559 F.3d at 1216 (citing Welding Servs., Inc., 509 F.3d at 1356). A moving party discharges its burden on a motion for summary judgment by showing or pointing out to the Court that there is an absence of evidence to support the non-moving party's case. Denney v. City of Albany, 247 F.3d 1172, 1181 (11th Cir. 2001) (citation omitted).

When a moving party has discharged its burden, the non-moving party must then designate specific facts (by its own affidavits, depositions, answers to interrogatories, or admissions on file) that demonstrate there is a genuine issue for trial. Porter v. Ray, 461 F.3d 1315, 1320-1321 (11th Cir. 2006) (citation omitted). The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. Evers v. Gen. Motors Corp., 770 F.2d 984, 986 (11th Cir. 1985) ("[C]onclusory allegations without specific supporting facts

have no probative value."). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . the court may grant summary judgment if the motion and supporting materials . . . show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

## III. DISCUSSION

Under the FTCA, a person can sue the United States for injuries caused by a federal employee's negligence. See 28 U.S.C. § 1346(b)(1). Florida law applies in this case because the FTCA applies when "the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." Id. Under Florida law, Plaintiff bears the burden of proving the four elements of negligence—duty, breach, causation, and damages. Aycock v. R.J. Reynolds Tobacco Co., 769 F.3d 1063, 1069 (11th Cir. 2014); accord Clampitt v. D.J. Spencer Sales, 786 So. 2d 570, 573 (Fla. 2001).

Additionally, under Florida law, "non-readily observable injuries require expert medical evidence to prove causation." Willis v. Royal Caribbean Cruises, Ltd., 77 F.4th 1332, 1338 (11th Cir. 2023) (citing Crest Prods. v. Louise, 593 So. 2d 1075, 1077 (Fla. 1st DCA 1992) ("Lay testimony is legally insufficient to support a finding of causation where the medical condition involved is not readily observable.") (cleaned up)); see also Rementer v. United States, No. 8:14-CV-642-T-17MAP, 2017 WL 1095054, at *18 (M.D. Fla. Mar. 21, 2017) ("Florida courts have held that a plaintiff's back pain and other soft tissue injuries are not 'readily observable' medical conditions.") (citations omitted); Vero Beach Care Ctr. v. Ricks, 476 So. 2d 262, 264

(Fla. 1st DCA 1985) ("This case calls for application of the rule, often stated, that lay testimony is legally insufficient to support a finding of causation where the medical condition involved is not readily observable.") (citation omitted).

Plaintiff contends that the injuries she suffered in the vehicular collision, and for which she seeks relief in this case, are a "broken forearm, left neck bulge, left sprained ankle, and bulge in [Plaintiff's] mid back[.]" (Dkt. 23-1 at 58) She states that her "broken arm was readily observable at Tampa General Hospital and [b]y Dr. Mir M.D., a board-certified orthopedic surgeon at Florida Orthopedic Institute." (Dkt. 26 at 2)

Defendant cites unrebutted record evidence indicating that the fracture was not readily observable. As Defendant states, (Dkt. 23 at 4-5), Plaintiff was transported to the emergency room for treatment following the collision. (Dkt. 23 at 4) When she first received treatment following the collision, emergency responders reported that Plaintiff was "well maintained and well nourished. No obvious trauma noted," and Plaintiff complained of "left forearm pain" and "denie[d] any neck or back pain . . . ." (Dkt. 23-5 at 2, 7) But see id. at 1-2 (Plaintiff reporting neck and back pain) Plaintiff "wanted to refuse treatment[,]" and a "[f]ocused exam revealed no obvious deformities or crepitus. … Detailed head to toe revealed no new injuries or complaints." (Id. at 11) Later, at the emergency room, a physician discovered a fracture of Plaintiff's forearm following imaging. (Dkt. 23-6 at 6-10)

Defendant's undisputed contention that first responders did not initially notice an arm fracture during their treatment of Plaintiff, but instead noted that Plaintiff had

no obvious physical trauma and wanted to refuse treatment, supports that the fracture was not readily observable. That her arm fracture was discovered after imaging would also support that the fracture was not readily observable. (See Dkts. 23 at 18; 23-6 at 6-10) Plaintiff has failed to offer contrary evidence that could present a genuine factual dispute as to whether any injury was readily observable. Plaintiff disputes only that the arm fracture was not readily observable; she does not claim that her remaining injuries were readily observable.

The Court finds that there is no genuine dispute for resolution by at trial. The unrebutted evidence establishes that Plaintiff's injuries for which she seeks relief in this case were not readily observable. See Mustafa v. United States, Case No. 21-20633-CIV, 2022 WL 18023353, at *11 (S.D. Fla. Sept. 15, 2022) ("Soft-tissue injuries, such as back, head, neck, hip, and shoulder injuries, are not 'readily observable' medical conditions and, therefore, expert testimony as to the cause of such injuries is required."); Grabowski, v. United States, No. 5:24-CV-72-TKW-MJF, 2026 WL 2390515, at *3 (N.D. Fla. Aug. 11, 2026) ("The shoulder, neck, and back injuries that Plaintiff claims to have suffered in the accident fall into that category") (citation omitted); Willis v. Royal Caribbean Cruises, Ltd., No. 1:20- CV-21192-KMM, 2022 WL 1521193, at *12 (S.D. Fla. May 4, 2022) (pain and disc herniations in a plaintiff's neck are not readily observable injuries); Ballard v. United States, No. 3:15-cv-101-J-25MCR, 2017 WL 11630641, at *8 (M.D. Fla. Oct. 5, 2017) (injuries to brain and spine not readily observable); Harrell v. Carnival Corporation, No. 19-22667-CIV, 2021 WL 6927557 at *4-5 (S.D. Fla. December 3, 2021) ("That Plaintiff's fall can and

did cause her fracture [and] nerve damage is not a natural inference that a juror could make through human experience.") (internal quotation omitted). Plaintiff failed to introduce evidence that her arm fracture was readily observable, and the evidence Defendant offers on this issue indicates only that the fracture was not readily observable. Because there is no genuine dispute that her injuries were not readily observable, Plaintiff is obligated under Florida law to introduce medical expert testimony competent to prove that Defendant's conduct caused the injuries.

Plaintiff does not contend that she disclosed or will elicit testimony at trial from a Rule 26(a)(2)(B) expert. Rather, Plaintiff states that in her pre-suit demand to the government, as well as responses to requests for production and interrogatory answers filed in this action, and Rule 26(a) initial disclosures, treating physicians have been identified and all of their reports containing their opinions were produced. (Dkt. 26 at 1) She further contends that these treating physicians are permitted and are expected to testify at the final hearing by video or live, and Defendant's assertion that the plaintiff has no physicians listed who can testify about her injuries is simply without merit and moot since Defendant has been provided with reports from all of Plaintiff's treating physicians under Rule 26(a)(2)(A). (Dkt. 26 at 1-2)

Treating physicians are generally not required to produce a Rule 26(a)(2)(B) report. See Cedant v. United States, 75 F.4th 1314, 1325 (11th Cir. 2023) (treating physicians "generally are not required to file a Rule 26(a)(2)(B) report simply because they are testifying on a specific subject, such as causation. By default, non-retained witnesses like these only need to file Rule 26(a)(2)(C) disclosures."). The problem for

Plaintiff, however, is that she failed to timely disclose information about her treating physicians that she was required to disclose under Rule 26(a)(2)(C) and court-imposed deadlines. (See Dkts. 15, 18, 22) "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1)→

Upon its adoption, Federal Rule of Civil Procedure 26(a)(2)(C) "explicitly clarified that all non-retained witnesses were exempted by default from Rule 26(a)(2)(B)'s reporting requirements. But to compensate, the new Rule also added a more limited set of pretrial disclosure requirements for non-retained witnesses." Cedant, 75 F.4th at 1323 (citing Fed. R. Civ. P. 26(a)(2)(C)). Specifically, Rule 26(a)(2)(C) requires an expert exempted from Rule 26(a)(2)(B)'s reporting requirements to disclose two things: "the **subject matter** on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and . . . a **summary** of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C) (emphasis added).

Because Plaintiff bears the burden at trial to introduce evidence of causation, one of the elements of her cause of action, Defendant discharged its burden on summary judgment by pointing out that Plaintiff will not be able to prove causation because of her failure to properly disclose an expert competent to establish causation at trial. See Willis v. Royal Caribbean Cruises, Ltd., 77 F.4th 1332, 1336 n.7 (11th Cir.

2023); see also Little v. Wal-Mart Stores E., L.P., No. 2:21-CV-2209-SHL-CGC, 2022 WL 2900284, at *5 (W.D. Tenn. May 11, 2022) (citation omitted).

The burden shifted to Plaintiff to produce evidence to rebut Defendant's assertion that Plaintiff failed to comply with Rule 26(a)(2)(C) because a consequence of such failure is Plaintiff's inability to prove causation through a competent expert witness. See Willis, 77 F.4th at 1336 n.7, 1338; Cedant, 75 F.4th at 1323-25; Fed. R. Civ. P. 37(c)(1). Yet Plaintiff does not state that she complied with Rule 26(a)(2)(C)'s requirement to disclose a subject matter and a summary for each treating physician, and she does not overcome her failure to comply with the disclosure requirement. Plaintiff does not attach any paper supporting that she complied with the disclosure requirement to her response in opposition to the Motion. Furthermore, Plaintiff does not endeavor to demonstrate compliance with Rule 26(a)(2)(C) by quoting any paper in material part.[3] Plaintiff was not relieved of her obligation to comply with Rule 26(a)(2)'s expert disclosure requirement merely because she disclosed physician and medical records, among other materials, to Defendant. These are not the disclosures required under the Rule. Cf. Grabowski, 2026 WL 2390515, at *4 ("[T]he disclosures do not include a summary of the treating physicians' opinions or even a representation that they will affirmatively testify that the accident was the cause of Plaintiff's injuries").

Plaintiff suggests that her Rule 26(a)(1) initial disclosures serve as an adequate

[3] The Court notes that Plaintiff's papers that Defendant attached to its reply do not include the subject matter and summary required under Rule 26(a)(2)(C). (Dkts. 28-1, 28-2, 28-3)

substitute for Rule 26(a)(2)(C) expert disclosures. She is wrong. Rule 26(a)(1) initial disclosures are distinct from Rule 26(a)(2) expert disclosures. See Fed. R. Civ. P. 26(a)(2)(A) (stating Rule 26(a)(2) expert disclosures must be made "in addition to the disclosures required by Rule 26(a)(1)"). As observed above, a party is not allowed to use a witness's testimony when the party fails to make disclosures for that witness as required by Rule 26(a)(2) unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). Plaintiff has not explained why her failure to disclose the subject matter and summary for each of her treating physicians was either substantially justified or harmless. See Luke v. Fam. Care & Urgent Med. Clinics, 323 F. App'x 496, 498-99 (9th Cir. 2009) (plaintiff failed to meet this burden).[4]

Resisting summary judgment, Plaintiff offers arguments controverted by governing authorities. First, Plaintiff asserts that "[t]he motion should be denied on its face. Defendant did not confer with plaintiff before it was filed." (Dkt. 26 at 1) However, Defendant was not obligated to confer with Plaintiff before filing a motion for summary judgment. Rule 3.01(g) of the Local Rules of the United States District Court for the Middle District of Florida generally requires a party to confer with the opposing party before filing a motion; however, the rule exempts movants for summary judgment. M.D. Fla. Loc. R. 3.01(g)(1). Second, Plaintiff appears to suggest,

---

[4] The Court notes that "[a]lthough an unpublished opinion is not binding on this court, it is persuasive authority. See 11th Cir. R. 36-2." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000). Where cited herein, any unreported decision of a panel of the Eleventh Circuit is considered well-reasoned and is offered as persuasive, not binding authority.

without citation to any legal authority, that entry of summary judgment would deprive her of "her right to a trial under the 7th amendment to the Constitution." (Dkt. 26 at 4). "The Supreme Court made clear long ago that 'summary judgment does not violate the Seventh Amendment.'" Jefferson v. Sewon Am., Inc., 891 F.3d 911, 919 (11th Cir. 2018) (citing Parklane Hosiery Co. v. Shore, 439 U.S. 322, 336 (1979)). Indeed, "[t]he summary judgment rule would obviously be meaningless if parties were permitted to wait to develop their cases until trial." A&M Mgmt. Inc. v. Deme, No. 18-63099-CIV, 2019 WL 7344817, at *3 (S.D. Fla. Oct. 22, 2019) Plaintiff's remaining arguments respond to potential bases for summary judgment not required to be resolved in this order. See supra note 2.

Because Plaintiff has failed to submit medical expert evidence opining on the issue of causation, she cannot prove causation—an essential element of her claim. See Rodriguez v. Walmart Stores E., L.P., No. 2:20-CV-474-SPC-NPM, 2021 WL 4750087, at *8 (M.D. Fla. Oct. 12, 2021), aff'd, No. 21-14300, 2022 WL 16757097 (11th Cir. Nov. 8, 2022) (citing Allison v. McGhan Med. Corp., 184 F.3d 1300, 1322 (11th Cir. 1999)). Accordingly, there is no genuine issue of material fact as to medical causation, and Plaintiff's negligence-based claim fails. Defendant is entitled to summary judgment.

## III. CONCLUSION

Accordingly, it is hereby **ORDERED** as follows:

1. Defendant's Motion for Summary Judgment, (Dkt. 23), is **GRANTED**.
2. The Clerk is **DIRECTED** to enter final judgment in favor of Defendant

United States of America and against Plaintiff Gerkeria Scott.

3. Following the entry of judgment, the Clerk is **DIRECTED** to terminate any pending motions and deadlines and thereafter **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida, this 22nd day of October 2026.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person